UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 14-CR-20359-MARTINEZ/GOODMAN

UNITED STATES

v.

GUILLERMO DELGADO,
GABRIEL DELGADO, and
EMERSON CARMONA

    Defendants.
_____/

### ORDER ON DEFENDANTS' MOTION TO EXCLUDE RECORDINGS

Defendants Guillermo Delgado and Gabriel Delgado want the Court to conclusively determine, before trial and before hearing testimony on the issue, that the United States will not be able to sufficiently authenticate recordings made by Nelson Salazar, an alleged co-conspirator who has pled guilty to participating in health care fraud. Accordingly, they have filed a motion [ECF No. 114] to exclude all of those recordings. United States District Judge Jose E. Martinez referred [ECF No. 119] that motion to me. The United States filed a response [ECF No. 117] and Defendants filed a reply [ECF No. 130].

For the reasons outlined below, the Undersigned **denies the motion without prejudice** because it is premature.

1

In effect, Defendants **predict** that the United States will be unable to properly authenticate the undercover recordings. They **claim** that Salazar did not record conversations in their entirety. They also **argue** that Salazar compromised the chain of custody because he kept them for a few days before turning them over to law enforcement officials.

In response, the United States makes an equally confident prognostication. It *predicts* an ability to establish at trial the authenticity of the recordings in question through Salazar's testimony. It cites case law for the rule that a witness with knowledge -- i.e., someone who participated in the conversations -- may authenticate the recordings so that they are admissible in evidence. *See generally United States v. Lanzon,* 639 F.3d 1293, 1301 (11th Cir. 2011) (no error in admitting transcripts of instant messages derived from online conversations copied and pasted into a Microsoft Word document, which was then saved to a floppy disc, where the conversations were printed in hard copy form as transcripts). *See also United States v. Gadson,* 763 F.3d 1189, 1203-04 (9th Cir. 2014) (affirming admissibility of phone calls made by prisoners from jail); *United States v. Albert,* 595 F.2d 283, 290 (5th Cir. 1979) (rejecting authenticity challenge to admissibility of tape).

Neither the Government nor the Defendants have cited testimony (from Salazar, or anyone else, for that matter) to support their positions. Instead, as noted above, they assert arguments based on their *assumptions* about Salazar's trial testimony.

But the Undersigned cannot **now** base a ruling on the litigants' guesses about the anticipated testimony. It may be that the United States will be able to establish the necessary evidentiary foundation through Salazar's testimony. After all, he supposedly received the equipment from an FBI Special Agent who also provided instructions on how to use the devices. On the other hand, it may be that Defendants will be able to substantially impeach Salazar and demonstrate that he did not follow the instructions or that he otherwise compromised the integrity of the recordings. Perhaps Salazar will be a masterful witness who will provide stellar testimony about the requirements for admissibility. Or, conversely, maybe he will be an inarticulate, incredible criminal who will admit to turning off the recording equipment for strategic reasons and who improperly manipulated the recordings through devious editing.

Who knows?

At this point, no one *knows.* All we have are hunches and hopeful forecasts. The motion is therefore premature.

Although the United States has not responded to the allegation that Salazar did not completely record all conversations, Defendants have not cited any authority to

support the implicit argument that all recordings would always be inadmissible if portions were omitted.

Similarly, some of Defendants' prophetic arguments, even if true, might not mean that the recordings are inadmissible. For example, Defendants emphasize that Salazar was turned loose to record whomever he wanted, whenever he wanted, without adequate supervision or monitoring. And they focus on the alleged fact that Salazar retained the recordings for several days before turning them over. But they have not cited legal authority to support the notion that these circumstances compel an order excluding the evidence. It may be that the circumstances relate more to the weight of the evidence, rather than to the threshold issue of admissibility.

Moreover, Defendants have filed other motions which might affect the substantive outcome of this motion. For example, they have filed two motions to compel [ECF Nos. 112; 120] which seek, among other items, information about the circumstances under which these undercover recordings were made. The Undersigned has not yet ruled on those two motions (which Judge Martinez also referred to the Undersigned), but, in their reply, the Defendants implicitly recognize that their motion may be premature. In fact, their reply ends with this conclusion: "Accordingly, Defendants request that if their motions to compel are granted, the Court **defer** ruling on this motion until **after** those materials are produced." (emphasis added).

It is, of course, entirely possible that the United States will produce additional discovery, either voluntarily or in response to an order compelling production, which might shed some light on whether the Government can meet its burden to sufficiently authenticate the tapes. *See United States v. Brown,* 587 F.3d 1082, 1093 (11th Cir. 2009) (trial court did not abuse its discretion in admitting into evidence a copy of an audio recording of a drug transaction authenticated by the law enforcement agent who heard the original conversation as it was being recorded). It is equally possible, and perhaps even more likely, that the admissibility ruling will, as is more typical, be made at trial, based on Salazar's testimony (and perhaps the testimony of others).

Given the absence of actual testimony and both sides' penchant for proffering predictions, the Undersigned cannot simply pick which side's forecast is correct and use that selection as the basis for a ruling granting or denying the motion.  In the Undersigned's view, that would be tantamount to an impermissible version of judicial fortune-telling.

The Undersigned **denies** the motion without prejudice as premature. Judge Martinez will be able to rule at trial once he hears the relevant testimony and evaluates the other evidence bearing on the issue.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 2nd day of December, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:
Judge Jose E. Martinez
All Counsel of Record